Nathaniel T. Helman, J.
This is an article 78 proceeding to compel Benjamin Malcolm, the Commissioner of the Department of Correction of the City of New York, to return to the petitioner every photograph, photographic proof or plate, fingerprints, blood samples, and X rays taken or made.
In a Family Court proceeding, petitioner was sentenced to 30 days in jail for failure to post a $350 bond. He was taken into custody and thereafter committed to Bikers Island, where he was handcuffed to a prisoner charged with a felony, photographed and fingerprinted, and his personal possessions removed.
CPL 130.60 and 160.10 provide the instances in which fingerprinting of the defendant shall be effected. Such sections do not embrace a situation where persons are ‘ ‘ civilly ’ ’ incarcerated for failure to post a bond to insure future payments of alimony.
Nor can the incarceration of defendant be justified by the provisions of section 454 of the Family Court Act since that section relates to the violation of a specific court order followed by a hearing.
Bespondent seeks comfort in the procedures customarily employed in the Family Court, alleging that the official forms of that court contain a provision that a respondent may be arrested and kept in custody for failure to file an undertaking. But section 471 of the Family Court Act merely authorizes the requirement of a bond, and contains no provisions for sanctions involving the liberty of a defaulting respondent, for failure to post a bond.
Our courts have always regarded alimony defaults as civil violations, and recalcitrant respondents are generally placed in a civil facility in the custody of the Sheriff. The accepted use *253 in the Family Court of a printed form entitled 1 ‘ Remand for Undertaking ’ ’, cannot be regarded as justification for incarcerating a respondent in a penal facility, who does not possess sufficient funds to supply the requested collateral, particularly where, as here, the very same order modified the alimony payment downwards.
Concededly, petitioner was fingerprinted, photographed, searched, etc. in accordance with Department of Correction Rules and Regulations. It is argued that the records are used to identify inmates, provide necessary medical service, maintain a record of inmates ’ behavior and condition while in the institution should such facts come into dispute on a later date and to provide statistics in planning the present and future needs of the Department of Correction.
While respondents show the desirability for fingerprinting and photographing the petitioner while he was incarcerated, there is absolutely no showing as to why these records should be kept and maintained, since the petitioner was not convicted of any crime and cannot be considered a criminal in any sense of the word. Petitioner having already served his full sentence, there is no need for the Department of Correction to keep his fingerprints and photograph on file for identification or medical purposes.
Therefore the relief requested by petitioner is granted.